IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08CR231-2 |
| | ) | |
| EUGENE SHANER PENNIEGRAFT | ) | |

## **MEMORANDUM ORDER**

Before the court is pro se Defendant Eugene Shaner Penniegraft's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 231.) The Government has responded in opposition (Doc. 239), and Penniegraft has replied (Doc. 241). Penniegraft has also filed a motion to amend his compassionate release motion. (Doc. 235.) The court will grant the motion to amend and has considered amendment as well as Penniegraft's supplement (Doc. 233). For the reasons set forth below, the motion for compassionate release will be denied.

## I. BACKGROUND

On December 12, 2008, a jury found Penniegraft guilty of the following counts of the indictment: count two, aiding and abetting possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2); count three, aiding and abetting possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A)(i), (c)(2), 2); and count five, possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(a)(2)). (Doc. 65.) On September 23, 2009,

Penniegraft was sentenced to 387 months of imprisonment — 327 months on count two, 60 months on count three to run consecutive to count two, and 120 months on count five to run concurrent with count two. (Id.) Penniegraft's sentence was reduced to 300 months on December 9, 2021 (240 months on count two, 60 months on count three consecutive to count two, and 120 months on count five concurrent to count two), pursuant to section 404 of the First Step Act and 18 U.S.C. § 3582(c). (Doc. 219.) He has served over 15 years and has a presumptive release date of February 11, 2030. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is presently housed at FCI Hazelton and is 43 years old. Id.

Penniegraft filed the instant motion on February 13, 2023. (Doc. 231.) In his motion and supplementary materials, he argues that a change in the law, namely United States v. Campbell, 22 F.4th 438 (4th Cir. 2022), produced a disparity between the sentence he received and the sentence he would receive at the time his motion was filed. (Id. at 2.) Specifically, he maintains that his career offender enhancement predicate of possession with intent to sell and deliver cocaine, N.C. Gen. Stat. § 90-95(a), is no longer a "controlled substance offense." (Id.) Moreover, he contends that the harsh incarceration environment during COVID-19

warrants leniency in his sentence.[1]  (Doc. 233.)

The Government responds that United States v. Miller, 75 F.4th 215 (4th Cir. 2023), dictates that Penniegraft's conviction under N.C. Gen. Stat. § 90-95(a) is a career offender enhancement predicate.  (Doc. 239 at 16.)  Moreover, the Government contends that Penniegraft's arguments as to harsh prison conditions are not sufficiently particularized to rise to an extraordinary and compelling circumstance.  (Id. at 20-22.)  Finally, in the Government's view, even if extraordinary and compelling circumstances existed, the section 3553(a) factors weigh against early release.  (Id. at 24.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act.  Pertinent here, the First Step Act added a

---

[1] Penniegraft's supplement is written as a motion for leniency. The court has construed the motion as an argument in favor of granting his compassionate release motion.

provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[2] (citing United States v. High, 997 F.3d 181, 188–

---

[2] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended,[3] United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of

---

[3] The U.S. Sentencing Guidelines require the court to use the manual in effect unless doing so would present an ex post facto issue. See U.S.S.G. § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the ex post facto clause, and requiring application of manual "in its entirety"); United States v. Curtin, Crim. No. 14-0467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023) (using manual no longer in effect because, in that particular case, the amendments "narrow[] the range of possible extraordinary and compelling reasons"). The court applies the November 2023 amendments here, as they do not adversely affect Penniegraft's avenues for relief.

5

circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in

6

unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government represents that Penniegraft requested a reduction in sentence from BOP in October 2023, months after he filed his motion for compassionate release. (Doc. 239 at 12 n.3.) However, the Government accepts that this suffices for exhaustion. (Id.) The court thus turns to the merits.

First, Penniegraft argues that his offense level was improperly increased by the career offender enhancement because, in his view, one of the two predicate felonies, possession with intent to sell and deliver cocaine, N.C. Gen. Stat. § 90-95(a), is not a controlled substance offense for the purpose of U.S.S.G. § 4B1.1. Penniegraft does not contest that one of his prior convictions, felony common law robbery, is a proper predicate

7

offense.  The career offender enhancement increased his offense level from 30 to 37, thereby increasing his guideline range from 168 to 210 months to 360 months to life on count two (in addition to the 60-month mandatory minimum on count three).

To the extent Penniegraft challenges the court's calculation of the guideline range, such a collateral attack is exclusively cognizable under 28 U.S.C. § 2255.  Ferguson, 55 F.4th at 271; United States v. Boyd, No. 22-6639, 2023 WL 7381548 (4th Cir. Nov. 8, 2023) (rejecting compassionate release motion premised on guideline error under Ferguson).  However, the court may consider Penniegraft's argument that a change in the law produced a gross disparity in the sentence imposed and the sentence he would receive when he sought the present relief, as he has served at least 10 years of his term of imprisonment.  U.S.S.G. § 1B1.13(b)(6) (providing for "unusually long sentence" as a consideration for whether extraordinary and compelling reasons for compassionate release exist).

To receive the career offender enhancement, a defendant must be 18 years at the time of the offense of conviction, which must be a crime of violence or a controlled substance offense, and he must have at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a).  A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term

8

exceeding one year that [] prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [] or the possession of a controlled substance [] with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

In Miller, the Fourth Circuit held that possession with intent to sell and deliver cocaine, N.C. Gen. Stat. § 90-95(a)(1), is a controlled substance offense because it is a categorical match with the definition provided in U.S.S.G. § 4B1.2(b). Miller, 75 F.4th at 230-31 (citing United States v. Groves, 65 F.4th 166 (4th Cir. 2023)). The Miller court declined to extend its holding in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022), on which Penniegraft relies, where the court held that delivery of crack cocaine under a West Virginia statute was not a controlled substance offense because the statute also criminalized attempt as the "least culpable conduct" and U.S.S.G. § 4B1.2(b) categorically did not include attempt as a controlled substance offense. Miller, 75 F.4th at 230. Instead, the Miller court likened N.C. Gen. Stat. § 90-95(a)(1) to the federal statute, 21 U.S.C. § 841(a)(1), which the Fourth Circuit in Groves held is a controlled substance offense, in part, because it does not criminalize attempt. Id.; Groves, 65 F.4th at 173.

While Penniegraft's motion was filed before Miller and Groves, Campbell is nevertheless not a change in the law that would

9

produce a sentencing disparity because it does not support Penniegraft's claim that he should not have been enhanced as a career offender at the time the motion was filed. See U.S.S.G. § 1B1.13(b)(6) (requiring the court analyze change in the law at the time the defendant's motion is filed). The Miller court's analysis makes clear that Campbell would not control Penniegraft's claim in order to have provided him any relief. So, too, is the fact that the 2023 Guideline amendments have corrected the problem found in Campbell. U.S.S.G. § 4B1.2(d); see also U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, at 98 (Apr. 27, 2023), (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (citing Campbell and observing that the amendment "addresses [] circuit conflict" regarding inchoate offenses by moving inchoate offense language from the commentary to the text of the guideline).

Penniegraft also argues that harsh conditions of confinement during the COVID-19 pandemic are grounds for early release. An extraordinary and compelling reason may exist where the defendant is housed at a correctional facility affected by an ongoing outbreak of infectious disease or ongoing public health emergency, the defendant is at increased risk due to personal health factors, and such risk cannot be adequately mitigated in a timely manner. U.S.S.G. § 1B1.13(b)(1)(D). FCI Hazelton, where Penniegraft is

10

currently housed, reports zero active COVID-19 infections. See Fed. Bureau of Prisons, Inmate COVID-19 Data, at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Jan. 25, 2024). As such, there is no "ongoing outbreak of infectious disease" at the facility or an "ongoing public health emergency." See Ctrs. for Disease Control and Prevention, End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, at https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html ("May 11, 2023, marks the end of the federal COVID-19 PHE declaration.").

Moreover, Penniegraft has not demonstrated an increased risk due to personal health factors or that such risk cannot be adequately mitigated. Accordingly, he cannot show that his conditions of confinement are an extraordinary and compelling reason for compassionate release. See United States v. Garcia, No. 5:03-CR-20, 2023 WL 6883187, at *4 (W.D.N.C. Oct. 18, 2023) (denying relief where generalized hardship would otherwise "become the 'exception that swallows the general rule of finality'" (quoting United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021))).

Even if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors.

11

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider —

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

(5) any pertinent policy statement . . . by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, Penniegraft was present at a residence containing extensive drug paraphernalia when Greensboro Police conducted a search. (Doc. 161-1 ¶ 11.) Specifically, officers found:

> ten individually wrapped bags of marijuana; a bag of cocaine base ("crack"); an ammunition box containing .357 caliber rounds; a set of digital scales with cocaine residue, three large marijuana cigarettes; two additional bags of marijuana; a small bag of cocaine hydrochloride; a "crack pipe;" a wad of plastic sandwich bags; an airsoft pistol; and a black lockbox containing $60.25 and a large bag of cocaine base ("crack") and a bag of marijuana. In the laundry room, officers found a set of digital scales with cocaine residue and a plastic bag with assorted ammunition. In the bedroom of the residence, officers located a Smith & Wesson 9 mm pistol, model 5906, serial number TFL9406 and a Norinco 7.62 x 39 mm caliber semiautomatic rifle, model MAK-90 Sporter, serial number 937642 with a loaded high capacity magazine. Officers seized the following from the bedroom: cocaine base ("crack"); a box of 9mm rounds,; two sets of digital scales; a glass with cocaine residue; mail addressed to Juwana Bates, a bag of marijuana; and $135 in U.S. currency.

(Id. (emphasis removed).) Following arrest, Penniegraft wrote a letter to a codefendant wherein he sought to have her take the blame for the drugs and say that the guns were those of a third codefendant. (Id. ¶ 17.) Penniegraft's criminal history also displays a general disregard for the law consistent with his offense of conviction, including previous convictions for possession of a firearm by a felon, felony possession of cocaine, felony robbery (which included the use of a handgun), and felony larceny from a person (through a violent assault). (Id. ¶¶ 33-

13

48.) Granting Penniegraft's motion for compassionate release would fail to adequately reflect the seriousness of the offense of conviction, his criminal history, and the need for the sentence to deter criminal conduct, to promote respect for the law, and to protect the community.

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Penniegraft's motion to amend (Doc. 235) is GRANTED and that his motion for compassionate release (Doc. 231), as amended and supplemented, is DENIED.

                                                /s/   Thomas D. Schroeder
                                           United States District Judge

January 29, 2024